IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Wayne Emory Drost, ) | |
| ) | Civil Action No.: 1:18-cv-02681-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Lt. Christy Leopard, Capt. Marvin Nixs, ) | |
| and Pickens County Detention Center, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 11, 2019. (ECF No. 36.) Within the Report, the Magistrate Judge recommends dismissing Plaintiff Wayne Emory Drost's ("Plaintiff") Complaint (ECF No. 1) under Federal Rule of Civil Procedure 41(b) because of his failure "to prosecute" and respond to Defendants Lt. Christy Leopard ("Leopard"), Capt. Marvin Nixs ("Nixs"), and Pickens County Detention Center's (collectively, "Defendants") Motion for Summary Judgment (ECF No. 22). (*Id.* at 1–2.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 36), **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice, and **DENIES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 22).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 36.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint against Defendants on September 25, 2018.[1] (ECF No.

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981

1

1.) Seeking relief under 42 U.S.C. § 1983, Plaintiff maintains that Defendants violated his constitutional rights for "[h]umane facilities and conditions" and "to express condition complaints."[2] (*Id.* at 4.) Specifically, Plaintiff alleges that Defendants "failed to answer [g]rievances" concerning "[u]nfit living [c]onditions, dangerous [b]lack [m]old, [s]hower and [t]oilets, and [s]leeping [o]n [f]loors." (*Id.*) Plaintiff describes "[t]he [b]lack [m]old [as] a serious [p]roblem." (*Id.* at 6.) He further alleges that he was "refused" his medication and "suffered [f]or months." (*Id.* at 6.) Plaintiff seeks one hundred thousand dollars and zero cents ($100,000.00) "[f]or [his] suffering." (*Id.* at 7.)

Defendants filed their Motion for Summary Judgment on February 14, 2019, maintaining, among many other arguments, that Plaintiff failed to allege a constitutional violation, Leopard and Nixs are protected by the doctrine of qualified immunity, and Plaintiff failed to demonstrate a policy or custom that permits the municipal liability of the Pickens County Detention Center. (ECF No. 22-1 at 9–26.) On February 14, 2019, the Magistrate Judge issued a *Roseboro* order to Plaintiff, advising him of the procedures regarding summary judgment and the consequences of failing to respond.[3] (ECF No. 24.) On March 21, 2019, the Magistrate Judge denied Plaintiff's Motion to Continue (ECF No. 29) and advised him that his response to Defendants' Motion for Summary Judgment is due by April 5, 2019, and his case would be recommended for "dismissal for failure to prosecute" if he failed to respond to Defendants' Motion. (ECF No. 30.) Plaintiff failed to

---

(4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Plaintiff delivered his Complaint (ECF No. 1) to prison authorities on September 25, 2018. (ECF No. 1-1 at 2.) Therefore, pursuant to *Houston*, Plaintiff's Complaint was filed on September 25, 2018. 487 U.S. at 275.

[2] It would seem that Plaintiff is possibly invoking the First and Eighth Amendments of the United States Constitution because he is seeking to challenge the state of his housing facilities and "[t]he jail and commanding officer's fail[ure] to answer [his] [g]rievances." (ECF No. 1 at 4–6.)

[3] *Roseboro* requires district courts to provide an explanation of summary judgment procedures for *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

respond to Defendants' Motion for Summary Judgment.

The Magistrate Judge filed her Report on April 11, 2019. (ECF No. 36.) Within the Report, the Magistrate Judge declined to address the merits of Plaintiff's Complaint or the defenses raised by Defendants. (*See id.* at 1–3.) Rather, the Magistrate Judge recommends that the court, acting *sua sponte*, dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 41(b). (*Id.* at 1–2.) The Magistrate Judge reasons that Plaintiff "was specifically advised that if he failed to respond adequately, Defendants' [M]otion may be granted, thereby ending his case." (*Id.* at 1 (citing ECF No. 24).) According to the Magistrate Judge, "[n]otwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the [M]otion." (*Id.*) Moreover, the Magistrate Judge found that "it appears [] [Plaintiff] does not oppose the motion and wishes to abandon this action." In addition to providing the court with his recommendation, the Magistrate Judge advised both parties of their rights to file specific objections to the Report. (*Id.* at 3.) Neither Plaintiff nor Defendants have objected to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a

district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on April 11, 2019. (ECF No. 36 at 2.) Objections to the Report were due by April 25, 2019, or April 29, 2019, at the latest. (*Id.*) Upon review of the record, neither Plaintiff nor Defendants have filed any objections to the Report. In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. In the instant case, the court has carefully examined the findings of the Report and concludes that Plaintiff has failed to prosecute his case. (ECF No. 36 at 1–2.) Specifically, Plaintiff has not responded to Defendants' Motion for Summary Judgment or communicated with the court since March 25, 2019. (*See id.*) Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the

Magistrate Judge's Report and Recommendation (ECF No. 36), incorporating it herein, **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice,[4] and **DENIES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 22).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 3, 2019
Columbia, South Carolina

---

[4] The Magistrate Judge's Report and Recommendation does not clearly specify why the court should dismiss Plaintiff's Complaint with prejudice. (*See* ECF No. 36 at 1–2.) When determining whether to dismiss a plaintiff's action with prejudice, the court must balance: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused [to] the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (quoting *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)). Here, Plaintiff is entirely responsible for his case because he is proceeding *pro se*. Defendants have not been able to discern Plaintiff's position on their Motion for Summary Judgment because of his lack of response. Moreover, Defendants have been subject to this action since October 1, 2018, and have not received any communication from Plaintiff since March 25, 2019. (*See* ECF Nos. 1, 32.) Lastly, Plaintiff did not respond to the Magistrate Judge's warning about a failure to respond to Defendants' Motion for Summary Judgment and, therefore, acted in a "dilatory fashion." *Herbert*, 877 F.2d at 270. Because Plaintiff has not filed anything with the court since March 25, 2019, the court cannot discern a less drastic alternative to dismissal. (*See* ECF No. 32.) For these reasons, the court dismisses Plaintiff's action with prejudice.